IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GRANVAL G. HUNTER,

    Petitioner,                      No. CIV S-07-2792 MCE DAD P

    vs.

MATTHEW KRAMER, Warden,

    Respondent.                   FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 22, 2008, the undersigned ordered respondent to serve a response to the petition. On February 26, 2008, respondent filed a motion to dismiss on the ground that petitioner filed his petition beyond the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed a timely opposition to respondent's motion to dismiss. Respondent has not filed a reply.

**BACKGROUND**

        On January 4, 2001, petitioner pled guilty in the Sacramento County Superior Court to possession of cocaine base for sale. (Docs. Lodged by Resp't Feb. 26, 2008, Docs. 1-2.) The trial court found one sentencing enhancement to be true and sentenced petitioner to a

1

1 determinate term of thirteen years in state prison. (<u>Id.</u>, Docs. 1-2.) On October 31, 2001, the
2 Court of Appeal for the Third Appellate District affirmed the judgment of conviction. (<u>Id.</u>, Doc.
3 2.) Petitioner did not seek review in the California Supreme Court.

4     Thereafter, petitioner filed six state habeas petitions challenging his judgment of
5 conviction and sentence. On or about October 6, 2005, he filed a petition for writ of habeas
6 corpus in the Sacramento County Superior Court. (Docs. Lodged by Resp't Feb. 26, 2008, Doc.
7 3.) On November 2, 2005, the court denied the petition for failure to exhaust administrative
8 remedies. (<u>Id.</u>, Doc. 4.) On or about August 25, 2006, he filed a second petition for writ of
9 habeas corpus in the Sacramento County Superior Court. (<u>Id.</u>, Doc. 5.) On October 4, 2006, the
10 court denied the petition, again for failure to exhaust administrative remedies. (Id., Doc. 6.) On
11 or about October 10, 2006, petitioner filed a request for reconsideration. (<u>Id.</u>, Doc. 7.) On
12 November 15, 2006, the court denied petitioner's request. (<u>Id.</u>, Doc. 8.) On or about February
13 15, 2007, petitioner filed a third petition in the Sacramento County Superior Court. (<u>Id.</u>, Docs. 9-
14 10.) On March 13, 2007, the court denied the habeas petition on the merits. (<u>Id.</u>, Doc. 11.) On
15 or about April 12, 2007, petitioner filed a fourth petition in the Sacramento County Superior
16 Court. (<u>Id.</u>, Doc. 12.) On May 7, 2007, the court denied that habeas petition on the merits. (<u>Id.</u>,
17 Doc. 13.) On or about June 12, 2007, petitioner filed a petition for writ of habeas corpus in the
18 California Court of Appeal for the Third Appellate District. (<u>Id.</u>, Doc. 14.) On June 14, 2007,
19 the Court of Appeal summarily denied the petition. (Id., Doc. 15.) Finally, on or about June 27,
20 2007, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (<u>Id.</u>,
21 Doc. 16.) On December 12, 2007, the California Supreme Court denied the petition. (Id., Doc.
22 17.)

23     On December 27, 2007, petitioner filed his federal petition and on January 11,
24 2008, filed an amended petition.
25 /////
26 /////

**RESPONDENT'S MOTION TO DISMISS**

Respondent has filed a motion to dismiss on the ground that petitioner's habeas petition is time-barred under AEDPA. (Resp't's Mot. to Dismiss at 1.) Respondent argues that, on October 31, 2001, the California Court of Appeal affirmed petitioner's conviction and he did not file a petition for review with the California Supreme Court. (Id. at 3.) Accordingly, respondent contends that petitioner's judgment of conviction became "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A) when the time to seek review ended, forty days after the affirmance, on December 10, 2001. (Id.) The one-year statute of limitations period began running the following day, on December 11, 2001. (Id.) Respondent contends that the last day for petitioner to file a federal habeas petition was therefore December 10, 2002, plus any time for tolling. (Id.)

Respondent acknowledges that proper filing of a state post-conviction application challenging a judgment of conviction tolls the one-year statute of limitations period. (Resp't's Mot. to Dismiss at 4.) However, respondent argues that here petitioner did not file any state collateral actions within the one-year limitations period. (Id.) Respondent notes that although petitioner filed six state habeas petitions, the filing of a state collateral action after expiration of the limitations period does not restart the statute of limitations clock or otherwise save a claim that is already time-barred. (Id.)

Respondent concludes that, because the statute of limitations commenced on December 11, 2001, and expired on December 10, 2002, petitioner's December 27, 2007 federal petition was filed outside the one-year period allowed under § 2244(d) by more than five years. (Resp't's Mot. to Dismiss at 4.)

**PETITIONER'S OPPOSITION**

In a brief opposition, petitioner argues that the court should deny respondent's motion to dismiss because his petition is timely. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2.) Specifically, petitioner argues that the AEDPA limitations period did not begin to run until

he completed his "first full round" of post-conviction collateral challenges and that all six of his state collateral challenges were part of his "first full round" of review. (Id. at 2-3.) Petitioner also argues that the period during which a properly filed habeas application is before a state court is tolled. (Id.) Petitioner notes that neither the California Court of Appeal nor the California Supreme Court denied his petitions on procedural grounds. (Id.)

Finally, petitioner argues that he is actually innocent, presumably of the offense for which the upper term of imprisonment was imposed by the trial court. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 4.) Petitioner contends that actual innocence constitutes an exception to the AEDPA one-year statute of limitations. (Id.) He concludes that the court should deny respondent's motion to dismiss and reach the merits of his claims. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 4.)

**ANALYSIS**

I. Statute of Limitations

Under AEDPA, a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). This statute of limitations applies to all federal habeas petitions filed after AEDPA was enacted. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). The pending petition falls in this category.

On January 4, 2001, petitioner pled guilty to possession of cocaine base for sale. On October 31, 2001, the Court of Appeal for the Third Appellate District affirmed the judgment of conviction. The Court of Appeal's decision became final on November 30, 2001, thirty days after filing. See Cal. Rules of Court 8.264 (formerly Rule 24). Petitioner did not seek review in the California Supreme Court. Accordingly, for purposes of § 2244(d)(1)(A), petitioner's judgment of conviction became final on December 10, 2001, upon expiration of the ten-day period within which to file and serve a petition for review with the California Supreme Court. See Cal. Rules of Court 8.500 (formerly Rule 28). The AEDPA statute of limitations began to

run the following day, on December 11, 2001. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner did not file any state habeas petitions challenging his judgment of conviction in the year following December 11, 2001. Thus, the one-year period of limitation ran without interruption from December 11, 2001, until it expired on December 10, 2002.[1] Petitioner's federal habeas petition dated December 21, 2007, was received by the court for filing on December 27, 2007, more than five years after the AEDPA statute of limitations had expired. Accordingly, petitioner's petition for writ of habeas corpus is time barred.

II. Actual Innocence Claim

It is true that a habeas petitioner's "otherwise-barred claims [may be] considered on the merits . . . if his claim of actual innocence is sufficient to bring him within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" Carriger v. Stewart, 132 F.3d 463, 477 (9th Cir. 1997) (quoting Schlup v. Delo, 513 U.S. 298, 315 (1995)). A petitioner's claim of actual innocence, however, must be supported "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. at 324. The petitioner "must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002) (quoting Schlup, 513 U.S. at 327). See also Griffin v. Johnson, 350 F.3d 956, 962-63 (9th Cir. 2003); Sistrunk v. Armenakis, 292 F.3d 669, 672-73 (9th Cir. 2002) (en banc); Gandarela v. Johnson, 286 F.3d 1080, 1086 (9th Cir. 2002).

Here, petitioner has not offered any new evidence in support of his challenge to his conviction and sentence. Rather, he simply argues that "he is actually innocent of the upper

---

[1] As noted above, petitioner did not file his first petition for writ of habeas corpus in state court until October 6, 2005. By that time the statute of limitations for the filing of a federal petition had long since expired.

1 term imposed by the trial court in violation of his 1st and 14th Amendment Rights" and that
2 "such innocence constitute[s] an exception to the one-year statute of limitations. . . ." (Pet'r's
3 Opp'n to Resp't's Mot. to Dismiss at 4.)  Petitioner's conclusory argument does not demonstrate
4 that he is entitled to relief.  The court concludes that petitioner has not satisfied the <u>Schlup</u>
5 standard with respect to his otherwise barred claims.  His petition should be dismissed with
6 prejudice because it is untimely.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Respondent's February 26, 2008 motion to dismiss the petition as barred by the statute of limitations be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 9, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hunt2792.157